IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

**January 22, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| KAREN ANN GAY WILSON | ) | BRADLEY COUNTY |
| | ) | 03A01-9708-CV-00324 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. CARROLL L. ROSS, |
| | ) | JUDGE |
| | ) | |
| KENNETH JAMES WILSON | ) | AFFIRMED IN PART; VACATED |
| | ) | IN PART; MODIFIED IN PART |
| Defendant-Appellant | ) | and REMANDED |

ARTHUR BASS OF CLEVELAND FOR APPELLANT

D. MITCHELL BRYANT OF CLEVELAND FOR APPELLEE

O P I N I O N

Goddard, P.J.

Kenneth James Wilson appeals a judgment of the Circuit Court for Bradley County which provided that "the parties are granted a divorce from one another," and awarded custody of the parties' two minor children to the wife, Karen Ann Gay Wilson.

Mr. Wilson appeals, raising the following three issues:

1. Did the trial court err in failing to dismiss the Plaintiff's complaint for divorce and child custody pursuant to T.C.A. 36-4-106(b)(1)[1] for failure to include the jurisdictional information required in her first pleading by T.C.A. Section 36-6-210?[2]

2. Did the trial court err in awarding custody of the parties' two minor children to the Plaintiff rather than to the Defendant?

3. Did the trial court err in granting a divorce to the parties rather than to the Defendant individually on his counter-complaint?

---

[1] (b)(1) The complainant shall also allege the full name of the husband, the full maiden name of the wife, their mailing addresses, dates and places of their birth, race or color of each spouse, number of previous marriages of each spouse, date and place of the marriage of the parties, the number of their children who are minors at the time of the filing of the complaint, and any other litigation concerning the custody of such children in this or any other state in which either party has participated, as specified in § 36-6-210. It shall be mandatory that every complaint filed under this chapter shall contain the foregoing, and the trial judges shall dismiss petitions and bills which do not contain the foregoing unless it can be shown to the satisfaction of the court that such information could not be obtained by the complainant or petitioner by exercising due diligence.

[2] **36-6-210. Information in first pleading or affidavit -- Continuing duty to inform court.**--(a) Every party in a custody proceeding in its first pleading or in an affidavit attached to that pleading shall give information under oath as to the child's present address, the places where the child has lived within the last five (5) years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall further declare under oath whether:
(1) The party has participated (as a party, witness, or in any other capacity) in any other litigation concerning the custody of the same child in this or any other state;
(2) The party has information of any custody proceeding concerning the child pending in a court of this or any other state; and
(3) The party knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.
(b) If the declaration as to any of the above items is in the affirmative, the declarant shall give additional information under oath as required by the court. The court may examine the parties under oath as to details of the information furnished and as to other matters pertinent to the court's jurisdiction and the disposition of the case.
(c) Each party has a continuing duty to inform the court of any custody proceeding concerning the child in this or any other state of which the party obtained information during this proceeding.

2

Mrs. Wilson filed the original suit on December 21, 1996, and Mr. Wilson an answer and counter-complaint. His pleading is not stamped filed by the Clerk of the Trial Court, but the certificate of service by counsel is dated May 29, 1997.

Mr. Wilson's answer specifically addresses the question raised by his first issue which counsel and the Trial Court discussed prior to trial. During the discussion, counsel for Mrs. Wilson suggested that he might amend her complaint to meet the objection raised, but Mr. Wilson's counsel contended an amendment would not resolve the problem because T.C.A. 36-6-210 required the information be included in the first pleading. The Trial Judge indicated that he would be inclined to allow the amendment, but that if he did so he would be required to grant a continuance. Parenthetically, we note that it is not clear from the record nor from argument of counsel before this Court why a continuance would be required. In any event, the parties tacitly agreed that the case should go to trial without the amendment being filed.

Even if, as insisted by Mr. Wilson, the requirements of the Code Sections are jurisdictional, it seems to us the Court had authority to enter the decree which he did based upon prayers of the counter-complaint which met the requirements of T.C.A. 36-4-106(b)(1) and 36-6-210.

We will not address the second issue because we find the record is not sufficiently developed for us to do so. We say this because at the conclusion of Mr. Wilson's testimony, the following colloquy occurred between counsel and the Court:

> MR. BRYANT: Your Honor, I have several other witnesses here. I have the babysitter that keeps the children --
>
> THE COURT: I don't need -- just briefly tell me who the witnesses are. I don't see any need to bring all these other witnesses on. So I would like for you to just generally tell me what they would show.
>
> MR. BRYANT: Your Honor, I have two witnesses that work with Mrs. Wilson that will testify about -- who have been in her home, who have children themselves -- the fitness of her home, about their children being over there, staying over there, how they have no problems with that.
>
> I have the babysitter here who would testify how punctual Mrs. Wilson is about dropping off and picking up the children. She's never observed anything in the way of the children seeming to be dirty or neglected or abused in any way during the time she's kept the children.
>
> Her sister is here and her husband who have been around them. Those are the other types of witnesses I have.
>
> MR. BASS: Your Honor, I have his mother here, who will testify about the times that the parties have lived with her during the marriage, about the lack of attention that Mrs. Wilson gave to the children, and also about her excessive use of force in disciplining the children, particularly in slapping Melinda in the face. And she also has the little camcorder with the video screen on it to show the video of Melinda. And what that will show, Your Honor, is a large bruise directly on the lower back above the right buttocks and another small bruise directly in the middle of the left buttocks.
>
> They would also -- his mother and father would testify to the quality of care he provided for the children. We also have his sister here, who will testify about what she knows about Mr. Mantooth.

4

THE COURT: I would accept that all these witnesses will testify to those things. The parties will make a brief closing.

It is apparent from the foregoing that a proper resolution of the question of custody depends upon the Court's assessment of the credibility of the witnesses who did not testify.

As to the last issue, Mr. Wilson insists that he should be granted the divorce because his wife had been guilty of numerous acts of adultery and he only one, which he contends she had condoned. While it is true the parties lived together after the occasion of Mr. Wilson's indiscretion in 1992, there is no proof that Mrs. Wilson had knowledge of it, which is a prerequisite of the defense of condonation. Moreover, there is proof in addition to Mr. Wilson's adultery, that he was guilty of physical and mental abuse to Mrs. Wilson which, along with the act of adultery, would support the Court's finding that "there are ample grounds for divorce on both the complaint and on the counter-complaint." In light of the Trial Court's granting a divorce to both parties, it may be inferred that there were ample grounds for divorce proven by both parties.

Based upon the record before us, It appears the Court would be authorized in declaring the parties to be divorced

pursuant to T.C.A. 36-4-129,[3] and the decree entered below is modified by deleting that portion which states, "The parties are granted a divorce from one another," and inserting in lieu thereof, "The parties are declared to be divorced."

For the foregoing reasons the judgment of the Trial Court is affirmed in part, vacated in part, modified in part and remanded for proceedings not inconsistent with this opinion. The costs of appeal are adjudged one-half against Mrs. Wilson and one-half against Mr. Wilson and his surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Don T. McMurray, J.


_____
Charles D. Susano, Jr., J.

_____

[3]    **36-4-129.   Stipulated grounds and/or defenses--Grant of divorce.--** (a) In all actions for divorce from the bonds of matrimony or from bed and board, the parties may stipulate as to grounds and/or defenses.

(b) The court may, upon such stipulations or upon proof, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone.